**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PENNY MCCRIMMON,
Plaintiff-Appellant,

v.

SKILLS BANK CORPORATION, a
Maryland corporation; GARRY
MCDANIELS; MARK STEPHEN

HELGENSON; CATHY HURLEY; JESSE
MASHBAUM,
Defendants-Appellees,

and

INGRID ELLERBEE,
Defendant.

No. 98-2214

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-97-246-JFM)

Argued: April 9, 1999

Decided: May 13, 1999

Before WILKINSON, Chief Judge, and WIDENER and
KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John H. Morris, Jr., Baltimore, Maryland, for Appellant.
Jeanne Marie Phelan, WHITEFORD, TAYLOR & PRESTON, Balti-

more, Maryland, for Appellees. **ON BRIEF:** Melissa L. Menkel, WHITEFORD, TAYLOR & PRESTON, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Penny McCrimmon ("McCrimmon") sued her former employer, Skills Bank Corporation ("Skills Bank"), as well as its employees Stephen Helgenson, Cathy Hurley, Garry McDaniels, and Jesse Mashbaum, claiming that each had discriminated against her on the basis of race in violation of 42 U.S.C. § 1981. McCrimmon further alleged that Skills Bank had deprived her of overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). The district court concluded that McCrimmon had not raised a genuine issue of material fact as to any of her claims, thus granted summary judgment in favor of the defendants as to all claims. McCrimmon now appeals the district court's ruling. Finding no reversible error, we affirm.

I.

McCrimmon, an African-American woman, began working for Skills Bank in May 1993. Before working for Skills Bank, McCrimmon had sold schoolbooks for a large publisher. At Skills Bank she again worked as a salesperson, selling educational software.

McCrimmon's disagreement with Skills Bank arises out of a number of instances in which she claims she was not treated as well as her white co-workers. The first of these instances involves the assignment of sales territories. In 1994 and again in January 1995, Lyle Cockrum, Skills Bank's Director of Inside Sales, assigned sales terri-

2

tories to each sales representative. McCrimmon was assigned Pennsylvania, Maryland, Delaware,**1** and eventually, Virginia. McCrimmon claims that these states were not desirable sales territories because they did not have established dealer networks. All of the territories that McCrimmon characterizes as desirable were assigned to white sales representatives.

In addition to the assignment of sales territories, McCrimmon alleges that Skills Bank and its employees discriminated against her by refusing her applications for various promotions. McCrimmon relies primarily on Skills Bank's June 1995 rejection of her application for the newly created position of Regional Sales Director. McCrimmon and others sent their applications for this position to Ingrid Ellerbee, an African-American woman who was manager of Skills Bank's Inside Sales Group. Ellerbee ultimately awarded the job to Chris Mignano, a white male. Likewise, white applicants were selected for positions in corporate communications and marketing, jobs in which McCrimmon also was interested. McCrimmon also points to a number of ways in which she feels she was treated differently from white employees.**2**

Finally, McCrimmon claims that, from sometime in 1993 until October 1994, Skills Bank required her to under-report the hours she had worked. According to McCrimmon, another Skills Bank employee advised her to report only forty hours per week on the time sheets she was required to submit, regardless of how many hours she had actually worked.**3** McCrimmon alleges that she routinely worked more than forty hours per week during this period.

_____

**1** Delaware was later re-assigned to a white sales representative.
**2** As "additional evidence" of differential treatment, McCrimmon notes that (1) she was terminated for failing to return to work after being disabled (when, she believed, similarly-situated white employees were treated differently); (2) she was not given certain sales awards she had earned (when, she believed, white employees received some of these awards); and (3) the company failed to send her mother cards or gift baskets when she was in the hospital (when it had apparently sent gifts to ailing relatives of white employees). As the district court points out, McCrimmon submitted only her own, unsupported affidavit with respect to these issues.
**3** The parties diverge in their characterization of the employee who allegedly made this statement, Donalee Burns. Skills Bank describes

3

In May 1995, and again in June 1995, McCrimmon injured her back on the job. After she failed to return to work at the end of the twelve-week leave period required by the Family and Medical Leave Act, Skills Bank terminated McCrimmon. In January 1997, McCrimmon sued Skills Bank and the individual defendants in the district court for the District of Maryland. In her complaint, McCrimmon alleged that Skills Bank, Helgenson, Hurley, Mashbaum, and McDaniels had discriminated against her on the basis of her race in the ways described above, all in violation of 42 U.S.C. § 1981. She further alleged that Skills Bank had violated the FLSA by failing to pay her approximately $20,000 in overtime.[4]

The defendants responded by moving for summary judgment, and the district court granted their motion as to all of McCrimmon's claims. With respect to the § 1981 claims, the district court concluded that McCrimmon had submitted no evidence suggesting that (1) she was better qualified than the white employees who received the various promotions for which she applied; (2) the sales territories she was assigned were objectively less desirable than those awarded to her white colleagues; and (3) any other differential treatment to which she was subjected was motivated by racial animus. The district court further determined that McCrimmon's FLSA claim was barred by the Act's two-year statute of limitations. See 29 U.S.C. § 255(a).[5]

McCrimmon now appeals the district court's summary judgment order dismissing her § 1981 and FLSA claims.

_____

Burns as an administrative employee whose job includes the collection of time sheets, while McCrimmon, in her affidavit, simply refers to Burns as a member of Skills Bank's "management," without further explanation.

[4] McCrimmon's complaint also raised claims under the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Family and Medical Leave Act, 29 U.S.C. §§ 2611-2654. The district court dismissed these claims, and McCrimmon does not appeal their dismissal.

[5] The district court further found that, because McCrimmon had failed to present evidence that Skills Bank had willfully violated the FLSA, she could not take advantage of the statute's alternative, three-year limitations period, which applies to such violations. See 29 U.S.C. § 255(a).

II.

We have carefully considered the briefs and oral arguments of the parties and those portions of the record pertinent to their various arguments. Having done so, we find no reversible error in the district court's disposition of McCrimmon's complaint. We hereby adopt the opinion of the district court and we affirm on its reasoning. See McCrimmon v. Skills Bank Corp., No. JFM-97-246 (D. Md. July 9, 1998).

AFFIRMED

5